Court Law Library

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0281-09 |
| vs. | |
| SERAFIN REYES PABLO, | DECISION AND ORDER |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on June 28, 2013 on Defendant's Motion for Acquittal and Motion to Dismiss. Attorney Howard Trapp appeared on behalf of the Defendant. Attorney Matthew Heibel appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant was charged with two counts of Second Degree Criminal Sexual Conduct as a first degree felony and two counts of Child Abuse as a misdemeanor. After a jury trial, Defendant was found not guilty on Count Two of the Second Degree Criminal Sexual Conduct Charge. As to Count One of that charge, the jury was unable to determine whether Defendant was guilty or not guilty, and the Court declared a mistrial. Defendant now brings a Motion for Acquittal and a Motion to Dismiss Count One of the first charge.

## DISCUSSION

**Motion for Acquittal**

Title 8 GCA § 100.30 provides:

If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

*People v. Pablo,*
Decision and Order
Criminal Case No. CF0281-09                      - Page 1 of 4 -

8 GCA § 100.30 (2013). The standards for consideration of motions for judgment of acquittal were set forth by the Guam Supreme Court in *People v. Cruz*, 1998 Guam 18 (1998). Therein, the court held that the evidence presented must be reviewed in "a light most favorable to the government and . . . whether any rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." *Cruz* at ¶ 9 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 99 S.Ct. 2781, 2788 (1979) and *U.S. v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994).

In this case, Count One of the first charge alleged:

> On or about the period between October 1, 2008 through November 30, 2008, inclusive . . . [Defendant] did commit the offense of Second Degree Criminal Sexual Conduct, in that he did intentionally engage in sexual contact with another, to wit: by causing his hand to touch the breast [of the alleged victim] . . . in violation of 9 GCA §§ 25.20(a)(1) and (b)."

*See.* Superseding Indictment. Defendant argues that the evidence presented at trial is insufficient to sustain a conviction. Defendant points out that the victim testified that the alleged incident occurred before Halloween (Friday, October 31, 2008). Def's. Mem. in Supp. pg. 1.. To refute that testimony, Defendant provided "Exhibit A," a school work assignment dated November 05, 2008, which purportedly illustrates that the victim had no problems or issues with the Defendant after the date that the incident was alleged to have occurred. Based on that inconsistency, Defendant argues that the evidence is insufficient to sustain a conviction, and requests that the Court acquit him as to Count One of the Second Degree Criminal Sexual Conduct Charge. At trial, the Government adduced sworn testimony from the victim that Defendant did in fact touch her breast. Witness Testimony on May 29, 2013, 11:51:01a.m.. The Government also adduced testimony from the victim's father of when the victim first reported the incident to him. Witness Testimony on May 29, 2013,11:23:29a.m.. The Government argues that this was enough evidence to support a conviction. Govt's. Resp. pg. 3.. The Court agrees. Defendant's

argument is based on an inconsistency involving dates, in that the victim testified that the incident occurred sometime in October yet Defendant's Exhibit A arguably suggests that by November 5, 2008, the victim had no problems or issue with Defendant. In *People v. Campbell*, the Guam Supreme Court held that "with respect to a variance between the date of the offense as alleged and the date of the offense as proved at trial, a number of jurisdictions hold that while time is an important part of an indictment for sexual offenses, it is not generally considered a substantive part of the charging document." *People v. Campbell*, 2006 Guam 14 ¶ 15. Moreover, "[t]ime is a material element of an offense only if made so by statute." *Id.* "[S]ince time is not an element of criminal sexual conduct, it is sufficient if the evidence demonstrates a date reasonably near the date alleged in the indictment." *Id.* at 17. In this case, Defendant's Exhibit A does not foreclose the possibility that the incident still could have occurred within the timeframe charged in the superseding indictment. Therefore, viewing the evidence in a light most favorable to the Government, the Court cannot say that a rational trier of fact could not find the essential elements of the crime beyond a reasonable doubt.

**Motion to Dismiss**

Defendant argues that the declaration of a mistrial was a result of judicial and prosecutorial impropriety based on the Court's decision to use its own verdict forms as opposed to those proposed by Defendant. The Court's verdict form gave the jury the option to find Defendant "guilty" or "not guilty." Further, the form indicated that if the Jury was unable to decide the Defendant's guilt or innocence, the foreperson was to simply sign and date the form. Defendant argues that this "third option" was designed to avoid an acquittal and, as a result, further prosecution of Defendant is barred as it violates the Double Jeopardy Clause. Def's. Rep. to Gov't Opp.. For support, Defendant cites to *Oregon v. Kennedy*, 456 U.S. 667 (1982). Rep. to People's Resp.. In that case, the U.S. Supreme Court held that "the circumstances under which . . . defendant may invoke the bar of double jeopardy in a second effort to try him are

limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Id.* at 678-79. The facts of *Kennedy*, however, are inapposite to the facts of the case at bar. In *Kennedy*, the Defendant successfully moved for a mistrial based on the prosecution's line of questioning, which the Oregon Court of Appeals later determined to be "overreaching." *Id.* at 670. Although the Court of Appeals found the questioning to be overreaching, it accepted the trial court's finding that it was *not the intent* of the prosecutor to cause a mistrial. *Id.* On that basis, the U.S. Supreme Court reversed the Oregon Court of Appeals' determination that retrial was barred by the Double Jeopardy Clause. *Id.* at 679.

In the present case, Defendant merely points to the language used in the Court's verdict forms but fails to provide any evidence that the verdict forms were *intended* to provoke a mistrial. Defendant also fails to cite to any authority to support his contention that the verdict forms used in this case rise to the level of the type of conduct contemplated by *Kennedy*. Finally, other jurisdictions have used similar language in its verdict forms. *See. State v. Daniels*, 156 P.3d 905,908 (2007)(instructing jury to leave verdict form blank if it could not unanimously agree on a verdict as to a specific charge); *State v. Christian*, 919 N.E. 2d.271, 275 (2009)(verdict form gave jury option of "unable to decide on a verdict"). On that basis, the Court concludes that dismissal is not warranted.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Acquittal and Motion to Dismiss. Criminal Trial Setting is set for Tuesday, October 8, 2013 at 9:00a.m..

So ORDERED this 2ⁿᵈ day of ~~September~~ October, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

OCT - 3 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM